IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PANEL SPECIALISTS, INC., | ) |
| | ) |
|    Plaintiff/Counterclaim Defendant, | ) |
| | ) |
| v. | )   Case No. 16-4140-SAC |
| | ) |
| TENAWA HAVEN PROCESSING, LLC, | ) |
| | ) |
|    Defendant/Counterclaim Plaintiff. | ) |

**ORDER**

This matter comes before the court upon defendant/counterclaim plaintiff Tenawa Haven Processing, LLC's ("Tenawa") Motion for Leave to Submit Expert Report on Markup Out of Time (ECF No. 79). For the following reasons, this motion is granted.

I.

Plaintiff/counterclaim defendant Panel Specialists, Inc. ("PSI") sued Tenawa for more than $600,000 in unpaid invoices for work that PSI performed in connection with the construction of Tenawa's gas processing plant in Haven, Kansas. Tenawa asserted counterclaims against PSI for damages due to defective and delayed work on the project by PSI. Tenawa also believes that it can show that PSI excessively marked up the cost of materials and equipment that PSI purchased for the construction of the plant in the invoices PSI submitted to Tenawa.

In this motion, Tenawa seeks to submit an expert report of Ed Whitfield out of time on the markup issue. Tenawa contends that the expert report could not have been prepared prior to the filing of the motion because PSI did not produce the majority of its invoices until October 17, 2017, and Tenawa was not aware of PSI's general markup strategy until the deposition of a former PSI employee on November 15, 2017. PSI has suggested Tenawa's motion should be denied because markups have been an issue in this case for some time. PSI asserts that Tenawa

could have produced an expert opinion on the reasonableness of the markups at any time prior to the expert report deadline of June 23, 2017. PSI contends that allowing the submission of Tenawa's expert report would interfere with the trial of this case because PSI would be entitled to submit a rebuttal report and both parties would be entitled to seek exclusion of the experts through *Daubert* motions. PSI has also attacked the substance of the opinions in the report and whether Whitfield is an expert.

## II.

In the court's Scheduling Order of January 12, 2017, the deadline for Tenawa to serve expert reports was May 8, 2017. After subsequent extensions, the deadline became June 23, 2017. On June 23, 2017, Tenawa did file a designation of expert witness and submitted the expert report of Tanner Courrier on an issue unrelated to the markup issue. On September 22, 2017, Denise Bergeron, PSI's finance and office manager, was deposed. During that deposition, Ms. Bergeron provided testimony regarding markups by PSI on the Tenawa project. PSI's counsel acknowledged during that deposition that not all of PSI's invoices had been produced. On September 26 and October 17, 2017, PSI produced a significant number of additional invoices for work on the Tenawa project. On November 15, 2017, Andrew Toups, PSI's former purchasing agent who was PSI's purchasing agent during the entirety of the Tenawa project, testified about various markups, which he identified as margins. Tenawa filed the instant motion on November 29, 2017, after conferring with opposing counsel and determining that PSI objected to the issuance of the Whitfield expert report. On December 14, 2017, PSI deposed Ed Whitfield as a fact witness.

III.

Under Federal Rule of Civil Procedure 26(a)(2), the parties must disclose the identity of their expert witnesses and the experts' written reports "at the times and in the sequence directed by the court." Fed.R.Civ.P. 26(a)(2). The purpose of Rule 26(a)(2) is to ensure opposing parties have a reasonable opportunity to prepare an effective cross examination and, if needed, retain their own expert.[1] A party "who 'without substantial justification, fails to disclose information required by Rule 26(a) or 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.'"[2]

As the party seeking to file an untimely expert report, Tenawa bears the burden to establish that the untimely disclosure was substantially justified; if Tenawa fails to meet its burden, it must establish that its untimely disclosure was harmless to PSI.[3] A party's failure to disclose is "harmless when there is 'no prejudice to the party entitled to the disclosure.'"[4] Before excluding expert testimony under Rule 26, the court must consider the following factors: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness, if any.[5]

---

[1] See *Miller v. Prairie Ctr. Muffler, Inc.*, No. 03–2424–DJW, 2004 WL 2821220, at * 1 (D.Kan. Nov. 16, 2004).

[2] *Burton v. R.J. Reynolds Tobacco Co.*, 203 F.R.D. 636, 639 (D.Kan.2001) (citing Fed.R.Civ.P. 37(c)(1)).

[3] See *id*.

[4] *Id*. (citation omitted).

[5] *Id*. (citing *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir.1999)).

IV.

Having carefully reviewed the arguments of the parties, the court is persuaded that Tenawa's motion should be granted. The court finds that Tenawa has provided good cause for its failure to timely produce the expert report of Whitfield. Although markups have long been an issue in this case, information concerning the nature and extent of those markups was only provided to Tenawa after the expert witness deadline. The numerous invoices produced in September and October coupled with the subsequent deposition of Toups in November show that Tenawa acted reasonably in obtaining this expert report. PSI's other arguments concerning the opinions contained in the report and whether Whitfield is a proper expert are premature and not relevant to the issue raised by Tenawa's motion. The other arguments raised by PSI concerning the timing of this motion also do not require denial of Tenawa's motion. Although the Pretrial Conference is scheduled for January 17, 2018, no trial date has been designated. *Daubert* motions are not due until 42 days prior to trial. In light of these circumstances, the court does not find that PSI will be prejudiced by the granting of this motion. In addition, in order to lessen any prejudice from the granting of this motion, the court shall allow PSI to conduct another deposition of Whitfield concerning his expert opinions. The court shall allow PSI twenty-one (21) days from the date of this order to conduct that deposition. The court shall also allow PSI to designate a rebuttal witness within thirty (30) days of the date of this order.

**IT IS THEREFORE ORDERED** that defendant/counterclaim plaintiff Tenawa Haven Processing, LLC's ("Tenawa") Motion for Leave to Submit Expert Report on Markup Out of Time (ECF No. 79) is hereby granted.

**IT IS FURTHER ORDERED** that plaintiff/counterclaim defendant Panel Specialists, Inc. shall be allowed twenty-one (21) days from the date of this order to conduct another deposition of Ed Whitfield related to his expert opinion.

**IT IS FURTHER ORDERED** that plaintiff/counterclaim defendant Panel Specialists, Inc. shall be allowed thirty (30) days from the date of this order to designate a rebuttal expert witness on the issue of markups.

**IT IS SO ORDERED.**

Dated this 16th day of January, 2018, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

5