IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PANEL SPECIALISTS, INC.,

    Plaintiff/Counterclaim Defendant,

v.                                                  No. 16-4140-SAC

TENAWA HAVEN PROCESSING, LLC.,

    Defendant/Counterclaim Plaintiff.

MEMORANDUM AND ORDER

This contractual dispute action is over the instrumentation and electrical ("I&E") services provided by the plaintiff/counterclaim defendant Panel Specialists, Inc. ("PSI") in the construction of a natural gas processing plant owned by the defendant/counterclaim plaintiff Tenawa Haven, LLC ("Tenawa"). This court filed an order on December 28, 2018, (ECF# 135) deciding the parties' pending dispositive motions. Tenawa has filed a motion to reconsider. ECF# 136. It asks the court to reconsider the denial of its motion for partial summary judgment and cure what it argues is an "internal inconsistency" in the court's findings by granting summary judgment to it. ECF# 136, p. 1. The court finds no such inconsistency and denies Tenawa's motion for the reasons stated herein.

Because the order denying Tenawa's summary judgment motion was neither dispositive nor a final judgment, D. Kan. Rule 7.3(b) is applicable and requires a motion to reconsider be based on:  "(1) an

intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2004). A motion to reconsider is not the losing party's opportunity to rehash arguments already addressed and rejected, "to make its strongest case[,] or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). A decision on a motion to reconsider is committed to the court's "considerable discretion." *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997).

In moving for summary judgment, Tenawa asked the court to enforce PSI's 2013 published price list as constituting the governing schedule of rates under the Master Service Agreement ("MSA") which was never properly modified, superseded, or replaced according to the MSA's terms. The motion also sought a finding that Tenawa never received written notice of PSI's rate increase and never gave its written approval of a rate increase. Based on these findings and conclusions, Tenawa wanted the court to apply the 2013 published price list as a schedule of rates and thereby reduce PSI's claimed damages by $244,096.16. ECF# 135.

The court denied both parties' summary judgment motions on this very issue and found "a question of material fact over whether there was an agreement that this published price list would constitute a schedule of rates for the life of the project." ECF# 135, p. 36. It did so only after fully describing the parties' competing evidence and arguments. The court emphasized that, "[t]he parties' performance under the MSA does not definitively point to a shared understanding about the intended purpose and effect of the 2013 published price list." *Id.* Earlier in the order, the court referenced this price list and observed, "[t]he parties' understandings differ over this price list's purpose, effect and operation." *Id.* at p. 5. In short, the court found the parties' testimony over their understanding of this provision to be conflicting and the parties' evidence of their performance under the MSA as not resolving their disputed understandings. The court also expressed:

> There is no direct evidence from 2013 or 2014 that they [the parties] discussed and reached an understanding about this published price list constituting a schedule of rates binding under the MSA and subject to its Section Six provisions on Method and Time of Payments. At best, there are only arguable and competing inferences to be drawn from the ticketing, invoicing, reviewing and approving of tickets without objection, and auditing rights under the MSA.
> The parties' purchase order in December of 2013 merely grouped together all of PSI's 2013 submissions, including the price list, and referred to them as the, "Earlier Budgetary Estimate dated 12/7/13." ECF# 104-1, p. 10. And before PSI began its actual construction work on the Project site, Tenawa requested from PSI an updated estimate in July of 2014. PSI provided the updated estimate that increased the total cost of its work by more than 40%. Tenawa simply responded, "looks good." The parties' conduct does not reveal much of a shared understanding about the purpose and effect of these

> "estimates" and the documents submitted in support of them. The sides differ on whether PSI's original or updated submission is controlling, but they call both "estimates." Tenawa would have the original estimate be a "schedule," and PSI would have both estimates be no more than "bids." Because the MSA does not specifically address "estimates," because the parties genuinely dispute how their dealings were intended to be covered by the MSA, and because there are credibility issues raised as to the parties' testimony and affidavits on this issue, the court denies summary judgment for both sides.

ECF# 135, pp. 36-37.

In moving for reconsideration, Tenawa believes the court made two findings that compel a summary judgment ruling in Tenawa's favor on this issue. The first finding is that the parties did not amend the MSA and did not follow the MSA's terms for changing a schedule of rates. ECF# 135, p. 8. The second finding is that, "the Bergerons' testimony certainly supports a finding that they believed the price list was controlling when the MSA was executed, . . . ." *Id*. at 36. Tenawa essentially contends that there was not enough evidence to disagree with the Bergerons' testimony and with Ameringer's testimony as to require submission to the jury. In short, Tenawa wants the court to weigh the evidence and decide the dispute by concluding that the 2013 published price list could be nothing else than a schedule of rates under the MSA. Summary judgment standards preclude this result.

Tenawa's arguments show no internal inconsistency in the court's reasoning. The court never found that the 2013 published price list constituted a schedule of rates under the MSA and that conclusion is not compelled by the court's two findings cited above. In summarizing the

4

Bergerons' testimony about the purpose and force of the 2013 published price list, the court did not use "controlling" as equating with a "schedule of rates." Rather, the court used "controlling" as arguably consistent with PSI's position that the price list's effect was not fixed by the MSA's terms but by the ongoing practices of updating, bidding or estimating practices evidenced in this transaction. The court's summary judgment order sets out the competing evidence and inferences creating a genuine issue of material fact over the parties' understanding of the purpose and effect of the 2013 published price list. Finally, this genuine issue of material fact is not inconsistent with the court's findings that the MSA was not amended and that the parties did not follow Section 6 of the MSA. Nothing argued in Tenawa's memoranda seeking reconsideration persuades this court that its findings support only one conclusion, that is, the 2013 published price list was what the parties jointly understood to be the governing schedule of rates under the MSA. Tenawa argues it defies "common sense" for the parties to have a MSA without settling such a key term as the schedule of rates. If so, then common sense is also subject to question over why the parties did not label or designate the price list as a schedule of rates, did not confirm the price rates when the significantly higher 2014 estimate was submitted, and did not enforce the price rates during the actual performance of the contract. The court's analysis and findings in its summary judgment

order are more than sufficient to sustain a genuine issue of material fact over the parties' intentions concerning this published price list.

IT IS THEREFORE ORDERED that Tenawa's motion to reconsider (ECF# 136) the court's ruling (ECF# 135) denying Tenawa's Motion for Partial Summary Judgment to Enforce Plaintiff's Published Price List (ECF# 110) is granted insofar as the court has reconsidered its ruling but is denied in that court sustains its prior ruling denying summary judgment.

Dated this 13th day of February, 2019, at Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge