# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PANEL SPECIALISTS, INC., | |
| Plaintiff, | |
| v. | Case No. 5:16-cv-04140-HLT |
| TENAWA HAVEN PROCESSING, LLC, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This action arises from a contract between Plaintiff Panel Specialists, Inc. ("PSI") and Defendant Tenawa Haven Processing, LLC ("Tenawa"). Tenawa, which is in the business of midstream natural gas processing, made the decision in 2013 to build a new gas processing facility in Haven, Kansas. Pursuant to the Master Service Agreement ("MSA") executed between the parties, PSI, which provides instrumentation and electrical ("I&E") services to the oil and gas industry, agreed to provide such services to Tenawa on a cost-plus basis in connection with the new construction. In this case, each party asserts a breach of the MSA. PSI, which initiated this action, contends Tenawa breached the MSA by failing to provide full payment of its I&E invoices. In response, Tenawa asserts a counterclaim alleging PSI breached the MSA by failing to properly perform the I&E services and by failing to properly bill for those services—specifically, by allegedly applying an unreasonable markup on invoices to Tenawa for materials, equipment, and supplies.

Each party has designated expert testimony to support its claims. The parties now move to exclude certain of that testimony specifically related to Tenawa's improper markup claim. PSI moves to exclude the testimony of I&E contractor Edward Whitfield, who Tenawa designates to testify regarding the reasonableness of markups in the I&E industry. Doc. 148. Tenawa, in turn,

seeks to exclude the testimony of Thomas Aston Jr., an expert designated by PSI to provide testimony rebutting that offered by Mr. Whitfield. Doc. 147. After a detailed review, the Court denies PSI's motion to exclude Mr. Whitfield's testimony. The Court grants in part and denies in part Tenawa's motion to exclude Mr. Aston's rebuttal testimony.

I. STANDARD

Federal Rule of Evidence 702 governs the admissibility of expert testimony and imposes upon the district court a "gatekeeping obligation" to ensure that expert testimony is both relevant and reliable. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). A court's gatekeeping function, however, does not replace the traditional adversary system and the role of the jury. *Cohen v. Lockwood*, 2004 WL 763961, at *2 (D. Kan. 2004). Where there are questions related to the bases and sources of an expert's opinion, these issues go to the weight to be assigned to that opinion—rather than admissibility—and are for the trier of fact to determine. *Id.* The burden is on the party offering the expert testimony to prove its admissibility. *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009).

II. ANALYSIS

A. PSI's Motion to Exclude Edward Whitfield (Doc. 148)

As discussed above, in support of its improper markup claim, Tenawa proffers the expert testimony of Edward Whitfield, project manager for an I&E contractor located in McPherson, Kansas. Tenawa designates Mr. Whitfield as an expert to testify about the reasonableness of markups in the I&E industry. Mr. Whitfield ultimately opines that the highest reasonable markup on materials, supplies, and equipment on an I&E project—including on a project such as the Tenawa facility in Haven—is 20% of actual cost. Doc. 149-1. Mr. Whitfield further opines that

any markup that exceeds that percentage (including the markup charged by PSI in this case) is excessive and unreasonable. *Id.* He bases this opinion on the fact that he has never charged—nor heard of any other I&E contractor charging—in excess of a 20% markup. *Id.*

PSI asks the Court to exclude Mr. Whitfield's testimony on the basis that his opinions: (1) are not reliable because they are not based on any sound principles, theories, reasoning, or methodologies; (2) are incomplete and based on pure subjective conjecture because he did not review any documents or information related to the project; (3) are not helpful to a juror; and (4) constitute inadmissible legal conclusions. Doc. 149. The Court disagrees with PSI that exclusion of Mr. Whitfield's testimony is warranted.

First, the Court finds that Mr. Whitfield's testimony is reliable. He offers testimony regarding industry standards related to the reasonableness of markups, which is based on his experience in the I&E industry. In such situations, expert testimony is generally deemed reliable so long as it is "'based on actual knowledge, and not mere subjective belief or unsupported speculation.'" *Pioneer Ctrs. Holding Co. Emp. Stock Ownership Plan & Tr. v. Alerus Fin., N.A.*, 858 F.3d 1324, 1341-42 (10th Cir. 2017) (quoting *Mitchell v. Gencorp, Inc.*, 165 F.3d 778, 780 (10th Cir. 1999)). Here, Mr. Whitfield's testimony is based on his 33 years of experience in the I&E industry. Doc. 149-1. During this time, he accumulated experience negotiating contracts, pricing work, and billing for I&E work. *Id.* And his work history includes experience particularly pertinent to the circumstances in this case; specifically, his previous I&E work on gas plants and his experience working on projects in Kansas and the Midwest region. *Id.* This experience—which is in a similar field in a similar region—provides him with the requisite expertise to opine on I&E industry standards and renders his opinions sufficiently reliable. *Id.*; s*ee Ji v. Bose Corp.*, 538

F. Supp. 2d 354, 358-59 (D. Mass. 2008) (holding that years of experience in the industry qualified expert to testify on industry customs).

Second, the Court finds that Mr. Whitfield's opinions are neither incomplete nor based on pure subjective conjecture. Mr. Whitfield has personal involvement with the specific project at issue in this case. Indeed, as discussed below, Tenawa has designated Mr. Whitfield as a fact witness in this case due to his personal involvement on, and knowledge of, the project. His personal involvement significantly undercuts PSI's argument that his failure to review various project-related documents and invoices renders his testimony unreliable. For all of these reasons, the Court therefore finds that Mr. Whitfield's opinions are properly based on his actual knowledge and experience, rather than any subjective beliefs or unsupported speculation.

Third, the Court finds that Mr. Whitfield's testimony will assist the trier of fact in this case, as the subject of his testimony is not likely within the common knowledge and experience of the average juror. A significant issue in this case is the reasonableness of the markup that PSI applied to the invoices to Tenawa for materials, equipment, and supplies. Most jurors will not have had any experience with the I&E industry or, more specifically, the reasonableness of markups in this industry. Thus, Mr. Whitfield's testimony will assist the jury.

Fourth, the Court disagrees that Mr. Whitfield's opinions concerning the reasonableness of markups in the I&E industry constitute inadmissible legal conclusions. Rather, such testimony— i.e., testimony as to industry standards, customs, and practices—is "common fare" in civil litigation. *Levin v. Dalva Bros., Inc.*, 459 F.3d 68, 79 (1st Cir. 2006). Although PSI is correct that expert testimony consisting of legal conclusions or resolving ultimate issues does not aid the jury and is generally inadmissible, where the testimony is limited to explaining industry standards it may assist the trier of fact and, therefore, be appropriate. *See, e.g.*, *Zuchel v. City & Cty. of Denver,*

*Colo.*, 997 F. 2d 730, 742-43 (10th Cir. 1993) (admitting expert testimony because the expert did not give a legal opinion that a police officer's conduct was unconstitutional, but rather stated his belief that the officer's conduct was not in line with generally accepted police custom and practice); *Levin*, 459 F.3d at 79 (noting that "[g]enerally, an expert may not offer an opinion concerning a legal question" but that "[e]xpert testimony on industry standards is common fare in civil litigation"); *U.S. S.E.C. v. Big Apple Consulting USA, Inc.*, 2011 WL 3753581, at *5 (M.D. Fla. 2011) ("[T]he second part of Lowry's opinion is not a legal conclusion; it is Lowry's opinion of what is reasonable based on his experience in the securities industry."). And, as discussed above, the Court finds that Mr. Whitfield's testimony is limited to explaining industry standards and would aid the jury in its deliberations.

For the foregoing reasons, the Court therefore finds that Mr. Whitfield may opine regarding industry standards related to the reasonableness of markups within the I&E field. The bulk of the arguments raised by PSI in its motion go to the weight the trier of fact may decide to give Mr. Whitfield's opinions, not to their admissibility in the first instance—and whether he is a credible expert witness with respect to the particular issues presented in this case is a question PSI is free to explore with the jury. The Court accordingly denies PSI's motion to exclude Mr. Whitfield's testimony.

### B. Tenawa's Motion to Exclude Thomas Aston Jr. (Doc. 147)

Having concluded that exclusion of Mr. Whitfield's testimony is not warranted, the Court must now resolve Tenawa's motion to exclude the testimony of rebuttal expert Thomas Aston Jr. Mr. Aston is the owner of a specialty oilfield contractor in Houma, Louisiana, which provides various manufacturing, construction, and other services to the oil and gas industries. Doc. 147-2. Mr. Aston was designated pursuant to Magistrate Judge K. Gary Sebelius's January 16, 2018 order

permitting PSI "to designate a rebuttal expert witness <u>on the issue of markups</u>."[1] Doc. 91 at 5 (emphasis added). Thus, Mr. Aston was designated by PSI for the specific purpose of rebutting Mr. Whitfield's proffered testimony. Mr. Aston, who—as part of his job—negotiates contracts and hires and oversees various third-party contractors (including I&E contractors), opines regarding the reasonableness of markups in the I&E industry and the manner in which Tenawa was invoiced. Doc. 147-2.

Tenawa asks the Court to exclude Mr. Aston, arguing: (1) Mr. Aston is not qualified to testify because he is not an actual "participant" in the I&E industry, and, as such, although he may have negotiated and contracted with individuals in the I&E industry, he cannot offer any opinions from the perspective of an industry participant; (2) Mr. Aston's opinions are unreliable, constitute inadmissible legal conclusions, and are not helpful to the jury; and (3) Mr. Aston's proposed testimony exceeds the permissible scope for rebuttal and, therefore, is irrelevant. Doc. 147.

First, the Court addresses Tenawa's concerns regarding Mr. Aston's qualifications. For similar reasons as set forth above with respect to Mr. Whitfield, the Court rejects Tenawa's contentions that Mr. Aston is not qualified to opine regarding the reasonableness of markups in the I&E industry because he is "one-step removed" from that industry, and, further, that his experience in the oil and gas industry does not provide foundation for his testimony. These arguments go to the weight and credibility to be accorded Mr. Aston's testimony, not its admissibility. *See Util. Trailer Sales of Kan. City, Inc. v. MAC Trailer Mfg., Inc.*, 267 F.R.D. 368, 371 (D. Kan. 2010) (denying motion to exclude expert testimony based on expert's lack of specific

---

[1] Magistrate Judge Sebelius's January 16, 2018 order was entered after Tenawa moved for leave to submit Mr. Whitfield's expert report (on the issue of markups) out of time. Doc. 91. In granting Tenawa leave to submit that report past the deadline for doing so, Magistrate Judge Sebelius also permitted PSI to designate an expert witness rebutting Mr. Whitfield's testimony within thirty days of the date of the order. *Id.*

industry experience and, rather, finding this was a subject "defendants may explore . . . on cross examination").

Second—and, again, for the same reasons set forth above as to Mr. Whitfield—the Court disagrees with Tenawa's argument that Mr. Aston's report contains inadmissible legal conclusions. Mr. Aston's opinions are not legal conclusions but, rather, are simply his opinions regarding what is reasonable based on his industry experience. As with Mr. Whitfield's report, the Court finds that Mr. Aston's testimony as to the standards for markups in the I&E industry will assist the trier of fact in this case.

Third, and finally, the Court turns to Tenawa's argument that Mr. Aston's report exceeds the permissible scope for rebuttal and, therefore, is inadmissible and irrelevant. Rebuttal evidence is evidence that "attempts to 'disprove or contradict' the evidence to which it [is] contrasted." *Tanberg v. Sholtis*, 401 F.3d 1151, 1166 (10th Cir. 2005) (internal citations omitted). As such, rebuttal testimony is limited to presenting evidence that is "intended solely to contradict or rebut evidence <u>on the same subject matter</u> identified by another party" in its expert disclosures. FED. R. CIV. P. 26(a)(2)(D)(ii) (emphasis added). Courts generally disallow the use of a rebuttal expert to introduce new legal theories. *Stephenson v. Wyeth LLC*, 2011 WL 4900039, at \*1 (D. Kan. 2011). Mr. Aston's rebuttal report is therefore subject to exclusion to the extent it exceeds the scope of the subject matter addressed by Mr. Whitfield.

Having reviewed both Mr. Whitfield's expert report and Mr. Aston's rebuttal report, the Court finds Mr. Aston's opinions as to the reasonableness of markups in the I&E industry— including the markup at issue in this case—are properly within the scope of rebuttal. As set forth above, Mr. Whitfield opines in his report that the highest reasonable markup on an I&E project is 20% of actual cost and that any markup exceeding that percentage is unreasonable. Doc. 149-1. In

his report, Mr. Aston directly addresses this same subject matter and contradicts the opinions advanced by Mr. Whitfield by testifying that (1) there are no "standard" markups in the oil and gas industry or any other industry that he is aware of, and (2) he has seen markups as high as 100% or more. Doc. 147-2. These opinions are proper fodder for rebuttal.

On the other hand, however—and based on the record before the Court at this time—the Court agrees that portions of Mr. Aston's testimony go beyond the scope of Mr. Whitfield's opinions and are not proper rebuttal. In his report, Mr. Aston opines regarding the importance of reviewing invoices for accuracy and to ensure that the amount billed is fair and reasonable. *Id.* But Mr. Whitfield's report does not proffer any opinion regarding how, and to what extent, a party should review its invoices. Although PSI contends that this topic is closely tied to the markup issue, PSI does not provide any meaningful explanation tying these concepts together. Because Mr. Aston's opinions on this issue do not directly address the subject matter of Mr. Whitfield's report, the Court finds that they exceed the permissible scope of rebuttal expert testimony.

In sum, the Court finds that the wholesale exclusion of Mr. Aston's proffered testimony is not warranted. Because Mr. Aston's opinions as to the reasonableness of markups in the I&E industry directly address opinions advanced by Mr. Whitfield in his report—and, as such, relate to the same subject matter for purposes of Rule 26(a)(2)(D)(ii)—those opinions are properly within the scope of rebuttal. But the Court finds that, based upon the record at this time, Mr. Aston's testimony regarding the manner in which invoices should be reviewed is outside the scope of rebuttal and should be excluded. However, as the case develops at trial and the evidence comes in, the parties may re-raise this issue with the Court and the Court will consider the admission of such testimony at that time and after hearing the complete testimony and opinions offered by Mr. Whitfield.

**III.     CONCLUSION**

THE COURT THEREFORE ORDERS that PSI's Motion to Exclude Expert Testimony of Edward Whitfield (Doc. 148) is DENIED.

THE COURT FURTHER ORDERS that Tenawa's Motion to Exclude Expert Witness Thomas Aston Jr. (Doc. 147) is GRANTED IN PART and DENIED IN PART as set forth in Part II.B, *supra*.

IT IS SO ORDERED.

Dated: August 7, 2019                          /s/  *Holly L. Teeter*
                                                  HOLLY L. TEETER
                                                  UNITED STATES DISTRICT JUDGE